## Wakefield's Appeal (No. 2).

*Elections—Nomination papers—Pre-emption of Party name—Fraud —Act of 1897.*

The nomination of a candidate for congress who first secures the pre-emption of a party name and files nomination papers in compliance with the law will be declared regular, where no question of fraud, misrepresentation or bad faith is raised on the record.

Argued Oct. 24, 1910. Appeal, No. 5, May T., 1911, by James A. Wakefield, from decree of C. P. Dauphin Co., Jan. T., 1911, No. 204, overruling exceptions to nomination papers of R. J. Black as a candidate for Congress in the Thirtieth Congressional District of Pennsylvania. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to nomination papers.

The opinion of the Supreme Court states the case.

*Error assigned* was decree overruling exceptions.

*Charles H. Bergner, J. H. Harrison* and *B. C. Tunison* of Florida, for appellant.

*James A. Stranahan,* with him *William H. Sponsler,* for appellee.

PER CURIAM, January 3, 1911:

The principles which govern this case were discussed in the preceding case and the discussion need not be elaborated here. Appellee relies upon the approval of the original pre-emptors of the party name for state purposes to establish the validity of his nomination papers. We have just held that the validity of a nomination paper did not depend upon having such approval. The nomination of a candidate for congress by any party must be made by electors of the congressional district, and if the nomination be made by nomination papers there must be a strict compliance with the requirements of the act or acts governing the same. In one particular, at least, appellee failed to meet this requirement. The act provides that a certificate from the prothonotary setting forth that five electors had pre-empted the party name for the office to be filled in accordance with the requirements of the law, must be filed in the office of the secretary of the commonwealth with the nomination papers. This was not done and the nomination paper filed was irregular in this respect. Again, the nomination papers of appellant were regular and had priority in time. There cannot be two candidates of the same party for the same office. Appellant having first secured the pre-emption of the party name and having filed nomination papers in compliance with the law, and there being no question of fraud, misrepresentation or bad faith raised on the record, his nom-

ination must be declared regular. It follows that the nomination papers of appellee are irregular and void. A decree to this effect has already been made.

The original opinion of the Supreme Court in this case and in Wakefield's Appeal, No. 1, ante, p. 581, was filed Oct. 25, 1910, in the following form:

Per Curiam.

The majority of the court are of opinion that each of these appeals should be sustained, and it is so ordered; and it is further ordered that the prothonotary so certify to the secretary of the commonwealth, that the name of James A. Wakefield may appear upon the official ballot for the thirtieth congressional district of the state as the candidate of the Keystone party for Congress in that district at the election to be held on Tuesday, November 8, 1910.