## Brown's Nomination Papers.

*Election law—Nomination papers—Regularity of papers.*

Where there are four candidates of a party for a district only entitled to three representatives, and the nomination papers of three of the candidates have priority over the fourth in point of filing and are regular in form, showing upon the face of the papers that the requirements of the law have been met, the burden is on the fourth candidate to establish the invalidity of the papers of the other candidates, and if he fails to do so his papers will not be certified.

Argued Oct. 28, 1912. Appeal, No. 14, May T., 1913, from order of C. P. Dauphin Co., Jan. T., 1913, Nos. 185 and 186, in proceedings for nomination of Andrew F. Brown as a candidate of the Washington Party for the Fifth Legislative District of Philadelphia County. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Objection to nomination papers.

The opinion of the Supreme Court states the case.

*Error assigned* was in certifying the papers of Andrew F. Brown.

*John R. Geyer,* with him *John E. Fox,* for appellant.

*Utley E. Crane,* for appellee.

PER CURIAM, October 29, 1912:

There cannot be two candidates of the same party for the same office at the same time: Wakefield's App., 229 Pa. 585. In the present case there are four candidates of the Washington Party for the same office in a district only entitled to three representatives. Such a result

should be avoided in the orderly conduct of elections, and in the case at bar it can be avoided by giving to the nomination papers of Cox, Sherwood and Wilson their prima facie value.   These nomination papers are regular in form and have priority in point of filing.   They are signed by a sufficient number of the electors of the district and have the approval of five pre-emptors of the party name.   In the preparation, signing and filing of the nomination papers in question the requirements of the law have been met.   This makes out a prima facie case in favor of the validity of these nomination papers: Wakefield's Appeal, 229 Pa. 581.   The burden was therefore upon Brown to establish the invalidity of the nomination papers of Cox, Sherwood and Wilson which were regular in form and prior in point of time.   This as the record discloses he failed to do, and having failed to establish the invalidity of the papers first filed, he is not in position to claim a nomination for the same office under a nomination paper subsequently filed.

It therefore follows that the nomination papers of Cox, Sherwood and Wilson as the candidates of the Washington Party for the fifth legislative district under the facts of the present case are valid and should be so certified by the Secretary of the Commonwealth, and that the objections to the nomination paper of Brown should have been sustained, and it is so ordered.   The Prothonotary is directed to certify this order to the Secretary of the Commonwealth so that the names of Cox, Sherwood and Wilson may appear upon the official ballot for the fifth legislative district as the candidate of the Washington Party for the legislature in that district at the election to be held on Tuesday, November 5, 1912.