## Cramer's Nomination Papers.

*Election law—Nomination papers—Failure to file the certificate from prothonotary—Act of July 9, 1919.*

Where nomination papers have been filed with the county commissioners and objections are filed thereto that no certificate from the prothonotary's office was filed setting forth compliance with the Act of July 9, 1919, P. L. 855, in pre-empting the name under which the papers were filed, such nomination papers are void and cannot be amended by filing the certificate from the prothonotary *nunc pro tunc.*

Objection to nomination papers. C. P. Westmoreland Co., Nov. T., 1921, No. 303.

*Edward M. Kennedy,* for objections; *Marker & Rial,* contra.

Copeland, P. J.—On Sept. 27, 1921, S. A. Lowe, H. J. Springer, Thomas J. Hill, George W. Carroll and Homer F. Graft filed an affidavit in the prothonotary's office at the above number and term, setting forth that each is an elector of the Borough of Scottdale, County of Westmoreland and State of Pennsylvania, composing a political body making nominations by nomination paper or papers, and that they adopted the name of the Citizens' Party to designate their policy for the purpose of nominating candidates for election in the Borough of Scottdale and wards thereof, and the endorsement of candidates for State, judicial and county offices already nominated.

Among the persons nominated by nomination papers by this party was J. Howard Cramer for Tax Collector of the Borough of Scottdale. His nomination paper was signed by sixty-eight electors of that borough and filed in the office of the county commissioners on Oct. 10, 1921.

To this nomination Joseph Steiner, the Republican and Democratic nominee for tax collector of that borough, on Oct. 14, 1921, filed objection, both in the office of the prothonotary and with the county commissioners, the objection being that no certificate from the prothonotary's office setting forth compliance with the Act of July 9, 1919, P. L. 855, in pre-empting the name "Citizens' Party" was filed with the nomination papers or petition, as provided by that act.

A hearing was had on the objection to the nomination papers filed by the Citizens' Party nominating J. Howard Cramer for Tax Collector for Scottdale Borough on Oct. 21, 1921. At this hearing it was admitted by counsel representing the Citizens' Party and J. Howard Cramer that no certificate from the prothonotary was filed with the nomination papers as required by the

2 D. & C.

act, and that the whole question resolved itself into a question of law as to whether the record could be amended or a certificate from the prothonotary be filed *nunc pro tunc.*

Authority for pre-empting a party name and for filing nomination papers in the commissioners' office is to be found in the Act of June 10, 1893, P. L. 419, as amended by the Act of June 22, 1897, P. L. 179, and the Act of July 9, 1919, P. L. 832, 855. The Act of July 9, 1919, P. L. 832, the last word of the legislature on the subject, says: "Nominations of candidates for any public office may also be made by nomination papers signed by qualified electors of the State, or of the electoral district or division thereof for which the nomination is made, and filed in the proper office, as provided in section 5 of this act: . . . Provided, that if five of the electors composing any political body making a nomination by nomination papers shall file with the prothonotary of the county in which the nomination paper or papers are to be filed an affidavit setting forth that they have adopted a certain political appellation to designate their policy, subject to the limitations of this act regarding the selection of names, that thereafter such political body shall have the exclusive right to use the said name or appellation for the election for which such nomination or nominations are made, provided that a certificate from the prothonotary setting forth such a compliance with the act be filed with the nomination papers filed by such political body."

This act explicitly provides that a certificate from the prothonotary setting forth that five electors had pre-empted the party name for the office to be filled in accordance with the requirements of the law must be filed with the nomination papers in the office in which they are filed. This admittedly was not done, and, therefore, the nomination paper filed by the Citizens' Party was irregular in this respect, and the nomination by that party of J. Howard Cramer is wholly void, for the reason that there is not a compliance with the act, and J. Howard Cramer's name cannot appear in the column of the Citizens' Party as one of its nominees.

As was said in the case of Nominations of Seward et al., 9 Dist. R. 656, a way has been provided . . . by which a group or party can protect its name, and if it does not use this method, we think we are powerless to aid it.

Again, it was said in Barnes's and Heydrick's Nominations, 10 Dist. R. 681: "It is shown that no certificate from the prothonotary was filed in the office of the Secretary of the Commonwealth with the nomination papers by the Socialist Party for the ensuing election, and we are of the opinion that this is a prerequisite at every election at which candidates are put in nomination and an exclusive right to the use of a political appellation is sought to be secured. The proviso to the act makes the right to the exclusive use of the name depend upon the filing of the certificate setting forth a compliance with the act."

And, again, in the case of Wakefield's Appeal, 229 Pa. 585, which was a case in which the nomination of a congressman was attempted to be made by the original pre-emptors of the party name for State purposes, the Supreme Court held that that could not be done; that the nomination must be made by electors of each district, and, in so holding, said: "The nomination of a candidate for Congress by any party must be made by electors of the congressional district, and if the nomination be made by nomination papers, there must be a strict compliance with the requirements of the act or acts governing the same. In one particular, at least, appellee failed to meet this requirement. The act provides that a certificate from the prothonotary setting forth that five electors had pre-empted the party name for the office to

be filled in accordance with the requirements of the law must be filed in the office of the Secretary of the Commonwealth with the nomination papers. This was not done, and the nomination paper filed was irregular in this respect. . . . It follows that the nomination papers of appellee are irregular and void."

Our province in this case is to ascertain whether the Citizens' Party is within the terms of the statute in regard to this nomination. If it is, this nomination is to be sustained; if it is not, it is our duty to declare it void.

It must appear from the reading of the statute and its amendments, and from the decisions relating to cases of this character, that the Citizens' Party has not complied with the statute in making the nomination of J. Howard Cramer, and, therefore, the nomination papers as filed are irregular and void.

Counsel for the Citizens' Party and J. Howard Cramer insist that this is subject of amendment, or that the certificate from the prothonotary to be filed with the nomination papers can be filed *nunc pro tunc*. With this we do not agree. In the first place, there is no paper filed which requires an amendment. If the certificate from the prothonotary had been filed and was not in proper form, it could be amended under the provisions of the act and amendments above cited. As to filing the certificate *nunc pro tunc*, counsel may as well ask to file a nomination petition *nunc pro tunc*. The certificate is as much a part of the nomination papers as the petition. The law says when they are to be filed, and that is the last day on which either certificates or petitions or any other nomination papers can be filed.

And now, to wit, Oct. 24, 1921, after full hearing, after argument and after due and careful consideration of the entire matter, it is ordered, adjudged and decreed that the nomination papers of J. Howard Cramer for Tax Collector of the Borough of Scottdale, filed by the Citizens' Party, are irregular and void, and that his name cannot appear among the list of candidates of that party to be voted for at the general election to be held on Nov. 8, 1921; and, further, that the costs of this proceeding are to be borne by the Citizens' Party of Scottdale.