*Order*

## In re Bahn

*McClean Stock,* for protestants; *W. Burg Anstine,* contra.

SHERWOOD, J., October 21, 1933.—This matter is before the court on objections filed to petition for nomination of D. L. Bahn for city councilman of the City of York, Pa.

At the argument, the only objection insisted upon was number two, as follows: "That a certificate from the prothonotary, setting forth that an affidavit showing the adoption of said 'City's Welfare Party' as a political appellation to designate their policy had been filed in the office of the Prothonotary for York County, was not filed with the nomination papers of the said D. L. Bahn filed in the office of the County Commissioners of York County."

The facts have been agreed to. The requisite number of qualified electors of the City of York preëmpted the name "City's Welfare Party" for the nomination of city councilman in the City of York, Pa., for the election to be held November 7, 1933, by filing the necessary affidavit in the office of the Prothonotary for York County. Subsequently, certain other persons filed a petition for the nomination of D. L. Bahn for city councilman in the office of the county commissioners, in the County of York, but did not file with such nomination papers a certificate from the prothonotary setting forth the preëmption of the party name, "City's Welfare Party."

The statute law affords three methods of nomination. The first is under section 2 of the Act of June 10, 1893, P. L. 419, which provides for the filing of nomination papers following a convention of delegates, or primary meetings of electors, or caucuses held under the rules, or any board authorized to certify nomination papers representing a political party.

The second method is under section 3 of the Act of 1893, as amended by the Act of July 9, 1897, P. L. 223, which provides for the filing of nomination papers by an individual not connected with, or related to, any convention, primary meeting, caucus, or board.

The third method is under the proviso in section 3 of the Act of 1893, as amended by the Act of July 9, 1919, P. L. 855, and which provides for the nomination of candidates when and if five electors composing any political body making a nomination by nomination papers shall file with the prothonotary an affidavit setting forth that they have adopted a certain political appellation to designate their policy.

Under the first and third methods of nomination above referred to, certain certificates must accompany the nomination paper when filed. Under the second method above referred to, no certificate is required: Hamilton's Nomination Papers, 7 D. & C. 523; Independent Party's Nomination, 10 D. & C. 509.

The objectors contend that under the nomination papers filed D. L. Bahn sought nomination by the third method; the respondents, that he sought nomination under the second method. As the nomination paper, the preëmption certificate, and the objections are the only matters before the court, it follows that the court must look to the language used in the nomination papers to determine whether the nomination was made by the second or third method. The language used is as follows: "We, the undersigned, all of whom are qualified electors of York, Pa., representing the City's Welfare Party, party or policy, hereby nominate the following persons: D. L. Bahn, sign writer and councilman, 44 North Tremont St., York, Pa., city councilman." The petition was signed by the number of electors required by the act of assembly and was duly qualified by the requisite number of subscribers. What is meant by the language, "We, the undersigned, all of whom are qualified electors of York, Pa., representing the City's Welfare Party"? Webster defines the word "represent" to mean "to stand in the place of; to supply the place; perform the duties; exercise the rights of another." If these petitioners were acting as individuals to nominate D. L. Bahn as an independent candidate for the office of city councilman, what was the necessity for adding the clause to the nomination petition that they as qualified electors were representing the "City's Welfare Party"? It

seems to the court that it can come to no other conclusion than that they were acting for, standing in the place of, and nominating Bahn for the office of city councilman under the party banner, "City's Welfare Party." In other words, they acted for those who had preëmpted the names of the "City's Welfare Party." It was a party nomination and not a nomination by individuals of an independent candidate. If the intention of these electors was to nominate Bahn as an independent candidate under a designated appellation, the electors would have used language clearly indicating that fact. To the mind of the court, the language used clearly indicates that it was a party nomination under section 3 of the Act of 1893, as amended by the Act of 1919, as an independent party nomination.

It follows, under the authority of Wakefield's Appeal (No. 2), 229 Pa. 585, and Cramer's Nomination Papers, 2 D. & C. 46, that, where a party name has been preëmpted in the office of the prothonotary for offices to be filled in accordance with the requirements of the law, a copy of such certificate of preëmption must be filed, either in the office of the Secretary of the Commonwealth or with the county commissioners, with the nomination papers, dependent upon the fact of whether the office to be filled is a State office or a local one. As this was not done in the instant case, the nomination paper filed was irregular in this respect.

And now, to wit, October 21, 1933, after full hearing and argument, and after such consideration as time allows, the objection set out in paragraph two is sustained, and it is ordered, adjudged, and decreed that the nomination paper filed by the respondent, D. L. Bahn, is irregular and void, and that his name cannot appear among the list of candidates to be voted for at the election to be held on November 7, 1933; and an exception is granted to D. L. Bahn to the action of the court in this regard. From George Hay Kain, York, Pa.