## Blumberg et al. v. Lawrence, Secretary of the Commonwealth

*Earl V. Compton* and *Marshall Morgan*, for petitioners.

*John C. Kelly, Thomas I. Guerin, Harry Hershey, Thomas J. Minnick, Jr., Adrian Bonnelly*, Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, contra.

HARGEST, P. J., September 26, 1936.—This case comes before the court upon a petition for writ of mandamus

and the answer thereto. The case rests upon the same fact as those involved in In re Ostroff et al., 27 D. & C. 689, in which an opinion has this day been filed. The Secretary of the Commonwealth received and filed nomination papers on August 25, 1936, which appeared to be regular upon their face, nominating Ostroff and Voldow as candidates of the Royal Oak Party for the offices of representative of the third representative district. The preëmption certificate accompanying said nomination papers states that the preëmption affidavit was filed on that date in the office of the prothonotary of Dauphin County. In the case to which we referred, it appears that a preëmption certificate preëmpting the same name for the same offices and at the same election was filed on July 23, 1936, but the nomination papers were not presented to the Secretary of the Commonwealth until September 1, 1936, being, however, within the time allowed by law for such filing. The nomination papers purporting to nominate Blumberg and Root, so far as shown to this court, are regular and in every way comply with the law. The Secretary of the Commonwealth, however, refused to file them because he had already filed papers purporting to nominate Ostroff and Voldow; hence this proceeding.

For the reasons given in the opinion to which we have referred, we conclude that, under the statute, where five electors regularly preëmpt a political appellation they have the exclusive right to use such appellation to make a nomination for the election for which the preëmption is made, so long as the nominations can be regularly and legally made. The Secretary of the Commonwealth, however, contends that to receive the second paper making two nominations by the same party for the same office will lead to confusion; that he could not certify two nominations, and might be required to make no certification for the office, and that he, therefore, had the right to reject this second paper.

In Wakefield's Appeal (No. 2), 229 Pa. 585, it is held:

"The nomination of a candidate for congress who first secures the preëmption of a party name and files nomination papers in compliance with the law will be declared regular, where no question of fraud, misrepresentation or bad faith is raised on the record."

The attitude of the Secretary of the Commonwealth in this case would result in defeating the right of making a nomination strictly in compliance with the law.

In Commonwealth, ex rel., v. Reeder, Secy. of Comm., 5 Dist. R. 600, this court said, referring to the Ballot Law of June 10, 1893, P. L. 419:

"Section 6 expressly declares that, 'All nomination certificates and papers which have been filed shall be deemed to be valid, unless objections thereto are duly made by writing filed in the court of common pleas of the county in which the certificate or paper objected to has been filed.' If, however the secretary should accept the certificate which reaches him first, and refuse to receive a second certificate, although of equal apparent regularity, merely because it is presented an hour or a day afterwards, he is in effect deciding the controversy between the claimants to nomination, and virtually compelling an appeal from his decision. The second claimant must file objections to the first certificate, and have it declared invalid before his own certificate can be received. . . . Still further; the test of priority in time would not decide the conceivable case of two apparently regular certificates being presented for filing at the same moment. If in that event it would be necessary to file both or neither, in order to preserve equality between the claimants, we think a similar reason requires both to be received while the statutory period is still unexpired, although one may be offered a few hours or days later than the other. Either claimant, or any other person in interest, may then bring the whole controversy before the court in the method pointed out by the statute."

This decision has been repeatedly adhered to.

In Jeffries v. Griest, Secy. of Comm., 3 Dauph. 288, relying upon the case of Commonwealth, ex rel., v. Reeder, Secy. of Comm., just referred to, it was held:

". . . every certificate of nomination and nomination paper that does not lack sufficient signatures and is not manifestly defective on its face must be filed when offered, and all disputed questions of fact or law must be raised by objections to the certificate and be determined by the court and not by the officer or officers to whom the paper is brought to be filed."

In Commonwealth, ex rel., v. Fuller, Secy. of Comm., 7 Dauph. 263, this court held:

"The secretary of the commonwealth cannot be an objector to the validity of a nomination paper, because no objection can be made until the paper is filed and the question is whether or not he shall file the paper. His chief duty being that of inspection, it follows that he cannot exercise judgment and discrimination in its discharge."

And in Wakefield's Appeal (No. 1), 229 Pa. 581, 585, the Supreme Court said: "When two or more nomination papers are filed for the same office in the same district the courts must decide which one is valid."

It was stated upon the argument by the Deputy Attorney General that the principle laid down in the Reeder case for the guidance of the Secretary of the Commonwealth has not been followed. If so, it is time to return to the observance of the law and follow it. If it has not been followed, then the language just quoted from Wakefield's Appeal has been violated, because the Secretary of the Commonwealth and not the court decides which of the two nomination papers is valid. That is precisely what the secretary has done in this case. Such a position defeats the right of making a nomination strictly in accordance with the law. There is nothing in the act which gives him any right to go outside of the paper presented to determine whether it is valid. The statute limits him to an inspection of the paper and to defects apparent on its

face. And the position of the Deputy Attorney General that he can look at another paper which has already been filed to determine whether the proffered paper is defective on its face is not sound.

The fact that the secretary may receive and file two papers making two nominations of the same party for one office is more imaginative than real. Since the Ballot Law of 1893, supra, it has never happened that there has been such a situation without objections properly filed, and it is inconceivable, when persons have the interest and enthusiasm of making a nomination, which is imperilled by the filing of another nomination for the same party and the same office, that neither the persons making either nomination nor the candidates would file objections so that the court could determine which was valid. The fact that the statute has not been amended shows that no confusion has resulted. A simple amendment requiring the prothonotary to notify the secretary of all preëmptions would obviate the trouble; but be that as it may, the courts and the Secretary of the Commonwealth must carry out the law as we find it.

It is suggested by the Secretary of the Commonwealth that mandamus will not lie until objections to the first paper have been filed and heard. If mandamus could not be started until the objections to the first paper had been decided it might result in such a delay that the second papers could not be legally filed. We think the right to this mandamus is clear. Plaintiffs were entitled to the nominations which were sought to be made for them. The Secretary of the Commonwealth has refused to file them.

For the reasons which we have given in In re Ostroff et al., 27 D. & C. 689, involving objections to the nomination paper which the secretary has already filed, supplemented by our reasons in this opinion, we conclude that a mandamus must issue.

And now, September 26, 1936, a peremptory mandamus is hereby issued directing David L. Lawrence,

Secretary of the Commonwealth, to receive and file as of September 1, 1936, the nomination papers nominating Arnold M. Blumberg and Morris J. Root as candidates of the Royal Oak Party for the offices of representative in the third representative district in the County of Philadelphia, accompanied by the certificate of the prothonotary showing the preëmption affidavit of Peter Penico, Jr., and others preëmpting the name "Royal Oak Party" for said office.